UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22446-CIV-ALTONAGA/Goodman

HERBERT BAUSSIQOUT,               )
                                  )
            Plaintiff,            )
v.                                )
                                  )
AKAL SECURITY, INC.,              )
                                  )
            Defendant.            )
_____)

**DEFENDANT'S MOTION IN LIMINE AND MEMORANDUM OF LAW TO EXCLUDE IRRELEVANT, NON-PROBATIVE, AND/OR PREJUDICIAL EVIDENCE REGARDING PETERSON ACLUCHE'S AND OTHER EMPLOYEES' ALLEGATIONS OF DISCRIMINATION, RETALIATION, OR UNFAIR TREATMENT**

Defendant, Akal Security, Inc. ("Defendant" or "Akal"), through its undersigned counsel and pursuant to Federal Rules of Evidence 401, 402, and 403, hereby files its Motion in Limine and Memorandum of Law to exclude irrelevant, non-probative, and/or prejudicial evidence regarding allegations of discrimination, retaliation, or unfair treatment by other Akal employees.

**PRELIMINARY STATEMENT**

Defendant anticipates that Plaintiff will attempt to offer "me too" evidence regarding other employees' claims of discrimination, retaliation, or unfair treatment. For example, in the deposition of Peterson Acluche (who Plaintiff identified on his trial witness list), Plaintiff's counsel questioned the witness about his own belief that he was allegedly treated in a discriminatory manner. This "me too" evidence of Mr. Acluche, or other Akal employees, is irrelevant to the instant dispute. Similarly, any evidence concerning discrimination or retaliation claims made by other Akal employees is not relevant.

To the extent this evidence is deemed to be relevant, any probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury. Therefore, Defendant respectfully requests that the Court preclude Plaintiff from introducing any testimony or evidence from Mr. Acluche or any other witness concerning other claims of discrimination, retaliation, or unfair treatment while employed by Akal.

## ARGUMENT AND CITATION OF AUTHORITY

**I.      Evidence Concerning Other Claims of Discrimination or Retaliation Are Irrelevant**

The Federal Rules of Evidence define "relevant evidence" as:

> [e]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.  Evidence which is not relevant to any issue or claim in an action lacks probative value and, thus, is inadmissible.  Specifically, Rule 402 provides that:

> [a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules adopted by the Supreme Court pursuant to statutory authority.  Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.  For testimony to be relevant, it must help establish a fact of consequence related to the party's claim.  See Fed. R. Evid. 401, Advisory Committee Notes (1996).  When testimony fails to establish a material fact of the party's allegation or claim, the testimony is irrelevant and inadmissible.

Any testimony or evidence concerning Mr. Acluche's or other employees' claims of discrimination, retaliation, or unequal treatment is completely irrelevant to Plaintiff's claims and therefore, should be excluded at trial.  *See Jones v. Flagship Int'l*, 793 F.2d 714 n.7 (5th Cir. 1986); *Brown v. Berg Spiral Pipe Corp.*, No. 10-237-CG-B, 2011 U.S. Dist. LEXIS 92041, at *40 (S.D. Ala. Aug. 17, 2011) (finding "me too" evidence to be irrelevant where plaintiff did not

have a pattern and practice claim).

## II. Any Probative Value is Outweighed by Unfair Prejudice

Even if the anticipated evidence and/or testimony is not barred as irrelevant, it should nonetheless be excluded. Under the Federal Rules of Evidence:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

The Court should preclude Plaintiff from introducing any testimony or evidence regarding alleged discrimination, retaliation, or unfair treatment against Mr. Acluche or any other Akal employee because: (1) the prejudicial effect of its admission greatly outweighs any probative value; (2) it would only serve to confuse or mislead the jury; and (3) it would require separate mini-trials.

### A. Unfair Prejudice

The phrase "unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 (Advisory Committee's Notes); *see also Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 187 (3d Cir. 1990) (affirming trial court's decision to exclude evidence with substantial danger of unfair prejudice, confusion of the issues, or misleading the jury). Evidence is considered prejudicial under Rule 403 where it appeals to an illegitimate basis for persuasion, and thereby goes beyond proving the fact or issue it is offered to prove. *See Palmer v. Board of Regents of the Univ. Sys. of Ga.*, 208 F.3d 969, 972-73 (11th Cir. 2000) (affirming the granting of defendant's motion in limine to exclude evidence of other discrimination lawsuits brought by

3

other employees because the probative value of such evidence was outweighed by its prejudicial effect).

In *Palmer*, a temporary employee alleged that the defendant refused to hire her because she is Jewish. *Id.* at 972. Ruling on the defendant's motion in limine to exclude evidence of other discrimination lawsuits brought by Jewish employees against the defendant, the Eleventh Circuit adopted the district court's determination that the probative value of such evidence was highly outweighed by its prejudicial effect. *Id.* Moreover, the Eleventh Circuit affirmed that the introduction of such prejudicial evidence "would cause the [d]efendant to have to produce evidence to defend its actions in those other cases. This is too remote to be relevant to motive here." *Id.*

Any probative value of admitting evidence regarding other employee's complaints of discrimination, harassment, or unfair treatment is outweighed by the prejudicial effect such evidence would have in the eyes of the jury. Further, no remedial action taken by the Court at the time the evidence is proffered will counteract the potential damage caused by the introduction of such evidence. Therefore, due to its unfairly prejudicial effect, the Court should exclude this evidence. *See Grayson v. Kmart Corp.*, 849 F. Supp. 785, 790 (N.D. Ga. 1994) (finding that a discrimination statute "does not provide a right for one plaintiff to recover because a defendant may have discriminated against another plaintiff of like [protected category]").

### B. Confusion of the Issues

The subject evidence also has great potential for confusing and/or misleading the jury by directing the jury's attention away from the true issues currently before the Court – whether Plaintiff's termination was discriminatory or retaliatory. The focus of this case should not be on

claims by other Akal employees that have no connection to Plaintiff's claims.  To allow the introduction of such evidence will shift the jury's attention away from the narrow issues in this case.  Indeed, upon introduction of this evidence, the jury will likely attempt to link Plaintiff's alleged treatment during his employment with Akal with the purported claims of others.  Such evidence will serve only to confuse the jury as to the true issues in this case.  The Court, therefore, should exclude from trial all evidence concerning Mr. Acluche's or other employees' claims of discrimination, retaliation, or unfair treatment.

C. **Mini-Trials, Undue Delay, and Waste of Time**

Pursuant to Rule 403 of the Federal Rules of Evidence, evidence of other alleged discrimination claims also should be excluded because such evidence will create "mini-trials" within this case as to whether the alleged comments/acts are true.  *See McWhorter v. Birmingham*, 906 F.2d 674 (11th Cir. 1990) (excluding evidence regarding other acts of discrimination because the introduction of such evidence would result in "a series of mini-trials centering on the employment history of each officer"); *see also Moorhouse v. Boeing Co.*, 501 F. Supp. 390, 393-94 (E.D. Pa. 1980) (refusing introduction of evidence of other employees who filed claims against employer because such evidence would place defendant in the dilemma of presenting evidence as to each claim, resulting in jury confusion and undue prejudice).

In *McWhorter*, the plaintiff, a former police officer, brought an action claiming that the defendant discharged him in retaliation for exercising his First Amendment rights.  At trial, McWhorter proffered the testimony of other employees concerning their own allegations of discrimination unrelated to McWhorter's claim.  *Id.* at 676.  The Eleventh Circuit affirmed the trial court's exclusion of the testimony, stating that the admission of such testimony would result in "a series of mini-trials centering on the employment history of each officer." *Id.* at 679.

As previously noted, the sole issue for trial is whether Akal discriminated or retaliated against Plaintiff. The inevitable "mini-trials" that will result if Plaintiff is allowed to introduce evidence of other employees' alleged and unsubstantiated discrimination and retaliation claims can have no effect other than to unnecessarily distract the jury from the main issues of this case and cause great prejudice to Akal. *See U.S. v. Johnson*, 904 F. Supp. 1303, 1307 (M.D. Ala. 1995) (it is proper to exclude evidence which will send "the trial down a sidetrack") (citing *U.S. v. Cole*, 670 F.2d 35, 37 (5th Cir. 1982)).

Finally, to allow the introduction of this evidence would unnecessarily increase the length of trial. The admission of such collateral evidence and testimony would inevitably force Akal to introduce evidence to rebut Plaintiff's proffered evidence. Furthermore, Akal also would have to introduce rebuttal exhibits and witnesses. Such a result would unnecessarily extend the length of the trial, multiply the parties' trial expenses, and waste the Court's and the jury's time. Accordingly, the Court should exclude from trial all evidence of Mr. Acluche's or other Akal employees' claims of discrimination, retaliation, or unfair treatment.

### III. Evidence of Other Alleged Incidents of Wrongdoing is Not Admissible Under Fed. R. Evid. 404

Federal Rule of Evidence 404(a) provides that "evidence relating to a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . . ." Additionally, Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformity therewith . . . ."; *see also Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991) (affirming exclusion of evidence regarding police officer's history of prior civilian complaints proffered to show his propensity to commit such acts); *Bhaya*, 922 F.2d at 188 (holding that evidence regarding a party's other wrongs creates a danger of unfair prejudice

because such evidence may influence a jury to return a verdict based on a desire to punish for the other wrongs).

In the instant case, Akal anticipates that Plaintiff will attempt to introduce the above-referenced evidence to create a generalized "corporate culture" of discrimination or retaliation. The Court should exclude the introduction of and/or reference to such evidence at trial. This evidence constitutes improper "character" or "propensity" evidence that is inadmissible under Rules 404(a) and 404(b). Undoubtedly, the admission of such evidence would unfairly prejudice Akal. Accordingly, the Court should exclude from trial all evidence, including testimony from Mr. Acluche, of other claims of discrimination, retaliation, or unfair treatment.

## CONCLUSION

Defendant respectfully requests that this Honorable Court grant its Motion in Limine to prohibit the introduction at trial of any evidence concerning Mr. Acluche's or other Akal employees' claims of discrimination, retaliation, or unfair treatment.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), on March 2, 2018, counsel for Defendant conferred with Plaintiff's counsel via e-mail in a good faith effort to resolve the issues herein. Plaintiff's counsel indicated via e-mail on March 5, 2018 that she opposes the relief requested.

Dated: March 6, 2018

Respectfully submitted,

s/ Jason D. Berkowitz
Jason D. Berkowitz, Esq.
E-mail: *jason.berkowitz@jacksonlewis.com*
Florida Bar No. 0055414
Daniel J. Butler, Esq.
E-mail: *daniel.butler@jacksonlewis.com*
Florida Bar No. 111398
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500

Case No. 17-22446-CIV-ALTONAGA/Goodman

2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  305-577-7600
Facsimile:   305-373-4466
Attorneys for Akal Security, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of March 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on the counsel of record identified on the below Service List in the manner specified below.

s/ Daniel J. Butler
Daniel J. Butler, Esq.

## SERVICE LIST

Peter M. Hoogerwoerd, Esq.
E-mail: *pmh@rgpattorneys.com*
Nathaly Lewis, Esq.
E-mail: *nl@rgpattorneys.com*
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel: (305) 416-5000
Fax: (305) 416-5005
Counsel for Plaintiff
Method of Service:  Notices of Electronic Filing generated by CM/ECF